CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 OCT 21 PM 3: 45
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT CAMPBELL, MARIA JOAQUINA WOMACK & AURORA JOY CAMPBELL-ORTEGA | § § § § | |
| VS. | § § | CIVIL ACTION NO.: 5:11-CV-00116-C "ECF" |
| CLINTON LEWIS and JEFFERY STEVEN SIMPSON, both in their individual and official capacities as police officers for the City of Lubbock, Texas and CITY OF LUBBOCK | § § § § § § | |

**DEFENDANTS', OFFICER CLINTON LEWIS and JEFFERY STEVEN SIMPSON, BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, OFFICERS CLINTON LEWIS and JEFFERY STEVEN SIMPSON, and file this their Brief in Support of Motion for Summary Judgment Based on Qualified Immunity, and would respectfully show the Court as follows:

**I.
SUMMARY OF THE ARGUMENTS**

Officers Clinton Lewis and Jeffery Steven Simpson respectfully urge the following issues:

1. Officers Clinton Lewis and Jeffery Steven Simpson, as police officers of the City of Lubbock, Texas, are entitled to qualified immunity because:

   a. Officers Clinton Lewis and Jeffery Steven Simpson did not violate any clearly established constitutional right of Plaintiffs;

   b. Officers Clinton Lewis and Jeffery Steven Simpson did not violate clearly established law;

c. Officers Clinton Lewis and Jeffery Steven Simpson's actions in the relevant time period were those of objectively reasonable police officers under the totality of the circumstances when Plaintiffs were detained and arrested;

d. The Officer's use of the taser on Plaintiff Campbell was objectively reasonable under the totality of the circumstances because that was the lowest level of force available to Officers Clinton Lewis and Jeffery Steven Simpson to effectuate the detention and arrest of Plaintiffs when they were unable to gain compliance to detain and arrest Plaintiffs;

e. Officers Clinton Lewis and Jeffery Steven Simpson did not deprive Plaintiffs of any clearly established constitutional right in that Plaintiff Campbell did not have the right to be drunk in a public place;

f. The Officer's use of the taser was objectively reasonable because it is a low level of force; and the undisputed factual and scientific evidence demonstrates that Plaintiff Campbell was "highly" intoxicated and resistant to these Defendants, Officers Clinton Lewis and Jeffery Steven Simpson. (Medical Records of Plaintiff Campbell, Ex. F, App. pp. 89, 91).

g. Officers Clinton Lewis and Jeffery Steven Simpson did not make an unlawful entry into Plaintiffs' home without probable cause, without a warrant, without consent and without exigent circumstances;

h. Officers Clinton Lewis and Jeffery Steven Simpson did not conduct an unlawful search of Plaintiffs' home and unlawful seizure of their property;

 i. Officers Clinton Lewis and Jeffery Steven Simpson did not make an unlawful arrest and unreasonable seizure of the Plaintiffs' persons;

 j. Officers Clinton Lewis and Jeffery Steven Simpson did not use excessive, unnecessary or unreasonable force in accomplishing the arrest and seizure of Plaintiffs.

## II.
## SUMMARY JUDGMENT EVIDENCE

1. Medical records of Plaintiff Robert Campbell

2. Affidavit of Captain Gregory Stevens

3. Affidavit of Lt. Neal Barron

4. Affidavit of Officer Clinton Lewis

5. Affidavit of Officer Jeffery Steven Simpson

6. Affidavit, and accompanying records, of Custodian of Records of Lubbock Police Department

7. Deposition excerpts of Robert Campbell

8. Deposition excerpts of Maria Joaquina Womack

9. Deposition excerpts of Aurora Joy Campbell-Ortega

## III.
## ARGUMENT AND AUTHORITIES

Officers Clinton Lewis and Jeffery Steven Simpson's actions were reasonable during the incident involving the Plaintiffs on July 7, 2009. Both of these Officers are, and were during the event in question, duly commissioned, certified and qualified peace officers for the City of Lubbock, Texas.

3

Officers Clinton Lewis and Jeffery Steven Simpson are entitled to qualified immunity because their actions were lawful, in light of clearly established law at that time, under the totality of the circumstances. The summary judgment evidence reveals that the Defendant Officers had been called to the Plaintiffs' home to investigate a neighborhood dispute. The Officers were called at the behest of Plaintiff Maria Joaquina Womack. (Lubbock Police Department Records, , Ex. E, App. p. 47). When Officer Simpson arrived, he found Plaintiff Campbell in his front yard with beer in hand. Plaintiff Campbell was quick to point out to the Officer that he, Campbell, was a federal court security officer, former law enforcement officer (Deputy Sheriff with the Lubbock County Sheriff's Office), and the holder of a concealed carry permit for a handgun. (Deposition excerpts of Robert Campbell, Ex. G, App. p. 131). Officer Simpson observed that Campbell was consuming alcohol, and may have been intoxicated. Officer Simpson, after visiting with Campbell, went to the home of one of the neighbors embroiled in the controversy with Campbell. The neighbor had obvious facial injuries and reported to Officer Simpson that Campbell had struck her in the face with an unopened beer can.[1] From the time that the Officer had the report of, and visible evidence of, an assault reportedly committed by Plaintiff Campbell, he had reasonable suspicion and probable cause, certainly, to detain and, perhaps, arrest Campbell. (Affidavit of Captain Gregory Stevens, Ex. C, App. pp. 13, 20; Affidavit of Lt. Neal Barron, Ex. D, App. pp. 5, 35). When the Officer first arrived, according to Campbell, he was unarmed. According to Campbell's testimony, and the testimony of Maria Joaquina Womack, while the Officer was visiting with Campbell's neighbor, Campbell went to his pickup, retrieved a locked and loaded 45 automatic pistol and placed the same in his trousers.

---

[1] Campbell reported to the Officer that he struck his wall with his fist, but never mentioned his striking the neighbor.

4

(Deposition excerpts of Robert Campbell, Ex. F, App. pp. 132, 133; Deposition excerpts of Maria Joaquina Womack, Ex. H, App. p. 135). The handgun, and the condition with which Campbell possessed it, was, in fact, a deadly weapon capable of inflicting death or serious bodily injury. Campbell's admission of possession of the handgun, coupled with the Officer's observation of Campbell's intoxicated state, and the scientific evidence which reveals that Campbell was approximately "double drunk", and clearly in violation of the Texas Penal Code, precludes his claims. Officer Simpson returned to Campbell to investigate what reasonably appeared to be an assault.[2]

As Officer Simpson returned, he was joined by Officer Lewis, who approached Campbell and asked for his identification. Campbell did not, or could not, produce the identification, at which time he was told by the Officers to verbally identify himself and they would deal with the driver's licence and other identification subsequently. Campbell began to depart his front yard and attempt to enter his home, at which time the Officers observed Campbell to be armed with a deadly weapon, the locked and loaded 45 automatic pistol. (Deposition excerpts of Robert Campbell, Ex. F, App. pp. 132, 133). The Officers immediately drew their weapons and ordered Campbell to halt and to "show them his hands." Campbell refused and continued into his house, ordering the Officers, in a profane manner, to stay out of his house. The Officers continued to demand that Campbell stop, surrender and allow his deadly weapon to be taken from him. Campbell refused. Campbell proceeded to his kitchen table, at which time he pulled the 45 from his pants, finally placing it on a dining table beside a loaded 38 caliber pistol. (Deposition excerpts of Robert Campbell, Ex. F,

---

[2] The neighbor also apprised the Officer that Campbell would, on occasion, brandish firearms.

App. pp. 131, 133). <u>Fortunately, the Officers did not use the deadly force to which they were entitled as Campbell ignored their orders, brandished, and refused to surrender, the locked and loaded deadly weapon</u>. (Affidavit of Captain Gregory Stevens, Ex. C, App. p. 22; Affidavit of Lt. Neal Barron, Ex. D, App. p. 35). (Emphasis added). The Officers then attempted to apprehend Campbell. Campbell resisted, his resistance included striking the Officers with his fists. The Officers used hand strikes and a taser to finally subdue and apprehend Campbell and take custody of the two deadly weapons. During the Officers' struggle to contain Campbell, both Plaintiffs Maria Joaquina Womack and Aurora Joy Campbell-Ortega (Campbell's daughter) interfered with the Officers' capturing of Campbell and securing of the deadly weapons. (Deposition excerpts of Aurora Joy Campbell-Ortega, Ex. I, App. p. 139; Deposition excerpts of Maria Joaquina Womack, Ex. H, App. pp. 136, 137). Campbell received injuries to his face. Campbell testified that he was not aware that the Officers had deployed the taser in order to get him (Campbell) into handcuffs.

1. **Qualified Immunity**

Qualified immunity bars the suit by the Plaintiffs against these Defendant Officers Clinton Lewis and Jeffery Steven Simpson because Officers Lewis and Simpson reasonably believed their actions to be lawful, in light of clearly established existing law. *Garrison v. City of Texarkana*, 910 F.Supp. 1196 (E.D. Tex. 1995); *Anderson v. Creighton*, 483 U.S. 635 (1987). The well-reasoned rule behind qualified immunity is articulated in *Anderson* and *Mouille v. City of Live Oak*, 977 F.2d 924, 926 (5th Cir. [Tex.] 1992). The Officers' need for force was reasonable. The force deployed was not more than required (particularly in view of Campbell being armed with a deadly weapon); and the injuries were not excessive. Officers Clinton Lewis and Jeffery Steven Simpson are entitled to qualified immunity from liability and suit under a § 1983 analysis because they did not violate

Plaintiffs' clearly established constitutional rights.

Secondly, even assuming excessive force was used (which does not exist in the case at bar), Officers Clinton Lewis and Jeffery Steven Simpson would still be entitled to qualified immunity because their conduct was objectively reasonable. *Colston v. Barnhart*, 130 F.3d 96 (5th Cir. [Tex.] 1997); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Unites States v. McPherson*, 421 F.2d 1127 (9th Cir. 1969).

Officers Clinton Lewis and Jeffery Steven Simpson did not violate any of Plaintiffs' clearly established constitutional rights.

The Plaintiffs created the situation that resulted in force being deployed by their refusal and resistance to the Officers' direction, the Officers' attempts to detain Plaintiffs, and the Officers' attempts to arrest Plaintiffs. Because Plaintiffs created the situation, there should be no constitutional injury. *Young v. City of Killeen*, 775 F.2d 1349 (5th Cir. 1985); *Freeair v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992).

Plaintiffs have failed to show a violation of a clearly established constitutional right. The evidence is overwhelming Plaintiff Campbell was, in fact, drunk. The evidence also establishes he brandished a locked and loaded 45 automatic pistol, failed to identify himself and resisted arrest. Officers Lewis and Simpson were entitled to use reasonable force, or the amount of force necessary, to detain and arrest the Plaintiffs. Texas Penal Code 49.02 and 9.51(a)(1) and Texas Code of Criminal Procedure 14.031. Officers Lewis and Simpson's duties and obligations were to control the situation. The Plaintiffs did not have a right to dictate the circumstances, manner, method or means by which they were to be detained.

Officers Lewis and Simpson attempted to use the lowest level of force available to them to effect the identity, detention and arrest of Plaintiffs.

Officers Lewis and Simpson used command presence, or verbal directions, to get Plaintiff Campbell to identify himself. Plaintiff Campbell refused. The Officers then used physical strength in an attempt to secure Campbell. Campbell still refused to comply; rather choosing to strike one of the Officers. Then, in accordance with his training, the Officer struck Campbell twice with his closed fist to bring Campbell under control. Finally, a taser was used briefly to secure Campbell in handcuffs. The force deployed was reasonable and necessary. (Affidavit of Captain Gregory Stevens, Ex. C, App. pp. 21, 22, 24, 25; Affidavit of Lt. Neal Barron, Ex. D, App. pp. 35, 38, 39).

Officers Lewis and Simpson are Lubbock Police Officers and TCLEOSE certified peace officers, and, as such, were obligated, and lived up to that obligation and duty, as they used the lowest level of force available to effect the detention and arrest of the Plaintiffs.

Officers Lewis and Simpson's actions and use of force were objectively reasonable. They followed both clearly established law and Lubbock Police Department policy, when they, Officers Lewis and Simpson, used the lowest level of force available to effect the detention and arrest of Plaintiffs. Words didn't work; physical strength didn't work; then Officers Lewis and Simpson used closed hand strikes and the taser to control and secure Campbell.

Officers Lewis and Simpson's actions were objectively reasonable. *Draper v. Reynolds*, 369 F.3d. 1270 (11th Cir. 2004); *Buckley v. Haddock*, 292 Fed.Appx. 791 (11th Cir. 2008).

Officers Lewis and Simpson's use of closed hand strikes and the taser was objectively reasonable. The Officers had de-escalated from deadly force options after Campbell put down his gun. These Officers were trained to use more force than arrestee to bring him under control, otherwise a stalemate would exist and the struggle and danger to all would continue. (Affidavit of Captain Gregory Stevens, Ex. C, App. p. 23).

Certainly, Officers Lewis and Simpson were entitled to make an arrest because of the offense committed, i.e. assault or aggravated assault, Plaintiff Campbell's failure to identify himself, Plaintiff Campbell's intoxicated possession of a locked and loaded 45 pistol he attempted to conceal from the Officers, and Plaintiff Campbell's failure to obey verbal commands in showing the Officers his hands and relinquishing the loaded deadly weapon. Texas Penal Code 46.035(d). These Officers were obligated to disarm Campbell. Texas Government Code 411.207. The Officers are immune from liability for the actions taken in securing the handgun and quitting the danger. Texas Government Code 411.208.

The Plaintiffs' front yard was a public place. *Oliver v. U.S.*, 466 U.S. 170 (1984); *California v. Ciralo*, 476 U.S. 207 (1986).

### III.
### CONCLUSION

Officers Lewis and Simpson did not violate a clearly established constitutional right of Plaintiffs. Officers Lewis and Simpson's actions were objectively reasonable under the circumstances and clearly established law. Therefore, Officers Lewis and Simpson, who were acting in the capacity of, and carrying out their duties as a duly commissioned, certified and qualified police officer for the City of Lubbock, Texas, at all relevant times alleged in Plaintiffs' current pleadings on file herein, are entitled to qualified immunity as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Officers Clinton Lewis and Jeffery Steven Simpson respectfully pray the Court grant their Motion for Summary Judgment and dismiss the suit against them on the basis of qualified immunity.

Respectfully submitted,

_____
By: George Thompson
SBN: 19950000
Thompson & Kerby Law Offices
P. O. Box 65150
Lubbock, Texas 79464
Telephone: (806) 793-7600
Fax: (806) 793-6882
E-mail: gthompson@ttlawyers.com

Attorney for Defendant Officers Clinton Lewis and Jeffery Steven Simpson

## CERTIFICATE OF SERVICE

This is to certify that on this the 21st day of October, 2010, a true and correct copy of the foregoing was sent via Certified Mail, Return Receipt Requested to the following: Mr. Kervyn B. Altaffer, Jr., P.O. Box 153071, Austin, Texas 78745, Mr. William Pieratt Demond, 2800 Post Oak Blvd., Suite 4100, Houston, Texas 77056 and to Mr. Jeff Hartsell, City of Lubbock, P.O. Box 2000, Lubbock, Texas 79457.

_____
George Thompson